**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID R. BENNETT,**

        **Plaintiff,**

 vs.               **5:15-CV-140**
                    **(MAD/ATB)**
**CAROLYN W. COLVIN,** *Acting Commissioner of*
*Social Security***,**

        **Defendant.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**OLINSKY LAW GROUP**        **HOWARD D. OLINSKY, ESQ.**
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **ANDREEA LECHLEITNER, ESQ.**
**OFFICE OF REGIONAL GENERAL COUNSEL**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

  On September 21, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging disability beginning June 20, 2005 due to a right shoulder injury, left arm injury, and a lower back injury. *See* Administrative Transcript ("T.") at 88, 114, 452. The application was denied initially on February 9, 2007. *See id.* at 42. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on February 19, 2009. *See id.* at 14-35. On March 24, 2009, ALJ Marie Greener found that Plaintiff was not disabled. *See id.* at 43-

52. On May 27, 2011, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See id.* at 1-7, 495-502.

Plaintiff commenced a federal action challenging the ALJ's decision. *See Bennett v. Astrue*, 5:11-CV-795 (GTS/RFT). On January 27, 2012, the court issued an order remanding the action to the Commissioner pursuant to the stipulation of the parties. *See* T. at 520-22. On March 13, 2012, the Appeals Council issued an order vacating the Commissioner's decision and remanding the case to the ALJ for a "reevaluation of the claimant's impairments." *Id.* at 526-28.

At the end of its March 13, 2012 order, the Appeals Council also noted that Plaintiff filed a subsequent, separate application for DIB, which was granted after a hearing. *See id.* at 528. In that application, the ALJ found Plaintiff disabled with an onset date of March 25, 2009. *See id.* In light of that subsequent finding, the Appeals Council instructed the ALJ to "consider the additional evidence submitted with the subsequent claim and obtain testimony from a medical expert to address the issue of onset of disability prior to March 25, 2009[.]" *Id.*

On April 1, 2013, the ALJ held a new hearing in accordance with the Appeals Council's order, at which Plaintiff and a vocational expert testified. *See id.* at 478-94. In her May 30, 2013 decision, the ALJ found that Plaintiff was not disabled prior to March 25, 2009. *See id.* at 449-77. On December 12, 2014, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. *See id.* at 434-37.

Plaintiff commenced this action on February 9, 2015, challenging the ALJ's May 30, 2013 decision. *See* Dkt. No. 1. In his brief, Plaintiff raised the following arguments: (1) the ALJ's finding that Plaintiff was not disabled prior to March 25, 2009 is not supported by substantial evidence; (2) the ALJ's finding that Plaintiff did not meet Listing 1.04 is not supported by substantial evidence; (3) the ALJ erred in failing to include limitations on reaching in the RFC

evaluation; and (4) the ALJ's credibility determination is not supported by substantial evidence. *See* Dkt. No. 12 at 10-23.

On February 18, 2016, Magistrate Judge Baxter issued a Report and Recommendation in which he recommended that the Court affirm the Commissioner's decision and dismiss this case. *See* Dkt. No. 14. First, Magistrate Judge Baxter found that substantial evidence supported the ALJ's determination that Plaintiff was not disabled prior to March 25, 2009 and that Plaintiff did not meet Listing 1.04. *See id.* at 12-16. Specifically, Magistrate Judge Baxter discussed the extensive medical evidence relied upon by the ALJ, which demonstrated that although Plaintiff may have exhibited some of the symptoms and signs associated with a listed impairment at various times, he did not exhibit all of them. *See id.* Next, Magistrate Judge Baxter found that the ALJ properly considered and weighed the various medical opinions and limitations Plaintiff had during the relevant time in reaching the RFC determination, which was supported by substantial evidence. *See id.* at 16-23. Finally, Magistrate Judge Baxter found that the ALJ correctly considered Plaintiff's credibility regarding his subjective complaints and supported his findings with substantial evidence. *See id.* at 24-27. No objections have been filed challenging Magistrate Judge Baxter's Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, an Administrative Law Judge ("ALJ") makes the actual disability determination; and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal

3

standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Baxter's Report and Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the Court should affirm the ALJ's decision and dismiss this case. As Magistrate Judge Baxter found, the ALJ correctly determined that Plaintiff was not disabled prior to March 25, 2009. The decision was supported by substantial evidence and the ALJ applied the correct legal standards.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 18, 2016 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 10, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge